IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

NO. 5:24-CV-664-FL

| | | |
|---|---|---|
| M.B., by and through her parents and guardians, D.B. and R.B., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| TRIANGLE MATH AND SCIENCE ACADEMY BOARD OF DIRECTORS, BUNYAMIN KARADUMAN, ERAY IDILL, JENNIFER GREENE, TIMOTHY SCRANTON, EBONI MAYNARD, JOANNA BETTS, BRANDIE HELMER, LATRESA GRANTHAM, GREG CARPENTER, MIHAELA RAYNOR, NORA CATES, MEREDITH PFIFFER, | ) ) ) ) ) ) ) ) ) ) | ORDER |
| Defendants. | ) | |

This matter is before the court upon plaintiffs' motion to proceed via pseudonym (DE 2). For the following reasons, the motion is granted.

In assessing whether to permit a party to proceed by pseudonym, the court considers five factors: 1) whether the justification asserted is merely to avoid the annoyance that may attend litigation, or is to preserve sensitive privacy interests, 2) whether identification poses a risk of retaliatory harm to the requesting party or to innocent nonparties, 3) the ages of the persons whose privacy interests are sought to be protected, 4) whether the action is against a governmental or private party, and 5) the risk of unfairness to the opposing party from allowing an anonymous action against it to proceed. Doe v. Doe, 85 F.4th 206, 211 (4th Cir. 2023).

In this case, all factors but one either favor the motion or are inapplicable. The first factor favors the motion because plaintiffs' motion represents that they seek to preserve the privacy of a minor. The second factor appears inapplicable on the facts presented to the court, at least at this juncture. The third factor supports the motion; plaintiff M.B. is a minor, and the court agrees with plaintiffs that the benefit in allowing M.B. to proceed through a pseudonym would be lost were M.B.'s parents required to use their full names on the docket, thereby permitting easy identification of M.B. The fourth factor weighs against the motion because the suit is against a private entity and several private individuals, and so fairness generally supports the open naming of an accuser against a private party. See Doe, 85 F.4th at 215. However, this concern is at least somewhat neutralized by the final factor, as plaintiffs represent that they will disclose their identities and full names to defendants and defendants' counsel. (Mot. Pseudonym (DE 2) 1). After weighing these five factors, the court concludes, in the exercise of its discretion, that the motion should be granted.

In addition to plaintiffs' motion, the court must address violations of this court's Local Civil Rules and the Federal Rules of Civil Procedure. First, plaintiffs failed to comply with the local rule requiring the filing of a proposed order with an unopposed motion. See Local Civ. R. 7.1(b)(3). The court will excuse this deficiency, but will not extend the same leniency again. Similarly, plaintiffs failed to provide a supporting memorandum of law in support of their motion. See Local Civil R. 7.1(e). The court will, again, excuse this deficiency in this instance but will not do so again. Finally, plaintiffs' complaint contains information subject to privacy protection under Federal Rule of Civil Procedure 5.2(a). The Clerk of Court has accordingly placed the complaint under temporary seal, currently set to expire November 29, 2024, which will waive such protections, if plaintiffs' counsel does not file a redacted copy of the complaint and a motion to seal the original complaint by that date. See Fed. R. Civ. P. 5.2(h). In the exercise of its discretion,

2

the court will extend the time period in which to take these steps to December 3, 2024, and in this isolated instance relieve plaintiffs of need to file companion motion as the clerk directed.

## CONCLUSION

Based on the foregoing, plaintiffs' motion to proceed by pseudonym (DE 2) is GRANTED. Plaintiffs are DIRECTED to file a redacted copy of their complaint by December 3, 2024, if plaintiffs wish to preserve the protections of Federal Rule of Civil Procedure 5.2. The clerk is DIRECTED to maintain plaintiffs' complaint (DE 1, 1-1) under seal until directed differently by this court. Plaintiffs' attention to the court's Local Civil Rules and the Federal Rules of Civil Procedure going forward is required.

SO ORDERED, this the 27th day of November, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge