IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-664-FL

| | |
|---|---|
| M.B., by and through her parents and guardians, D.B. and R.B., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRIANGLE MATH AND SCIENCE )<br>ACADEMY BOARD OF DIRECTORS, )<br>BUNYAMIN KARADUMAN, ERAY )<br>IDIL, JENNIFER GREENE, TIMOTHY )<br>SCRANTON, EBONI MAYNARD, )<br>JOANNA BETTS, BRANDIE HELMER, )<br>NATHAN THORPE, LATRESA )<br>GRANTHAM, GREG CARPENTER, )<br>MIHAELA RAYNOR, NORA CATES, and )<br>MEREDITH LATNER, )<br>)<br>Defendants.[1] ) | ORDER |

This matter is before the court upon defendants' motion pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of all claims. (DE 36). The motion has been briefed fully, and the issues raised are ripe for ruling.

**BACKGROUND**

Plaintiff filed her complaint November 21, 2024, which she amended January 15, 2025. The operative complaint asserts claims for 1) discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (the "ADA"); 2) disability discrimination in violation

---

[1] The complaint names "Eray Idill" as a defendant, but defendants state that the correct spelling is "Idil." (Mot. Dismiss (DE 36) 1 n.1). The court therefore constructively amends the caption to reflect the correct spelling of this defendant's name, which plaintiff does not contest.

of the Rehabilitation Act, 29 U.S.C. § 701 et seq.; 3) supervisory liability pursuant to 42 U.S.C. § 1983; 4) intentional infliction of emotional distress under North Carolina law; and 5) negligent infliction of emotional distress under North Carolina law. Plaintiff requests compensatory and punitive damages, injunctive relief, and costs and fees.

## STATEMENT OF FACTS

The facts alleged in the complaint are as follows. Plaintiff M.B. is a 13-year old "African American adolescent." (Compl. (DE 14) ¶ 1). M.B. is represented by her parents and guardians, D.B. and R.B. (Id. ¶¶ 2–3). Defendant Triangle Math and Science Academy Board of Directors (the "Board") controls and administers Triangle Math and Science Academy - Cary (the "Academy"), which is part of "the Triangle Math and Science Public Charter Schools." (Id. ¶ 4). The remaining defendants occupy various roles on the Board or at the Academy, including superintendent, deputy superintendent, and teachers. (See id. ¶¶ 5–17).

M.B. has been diagnosed with attention deficit hyperactivity disorder and obsessive compulsive disorder. (Id. ¶ 24). M.B. was enrolled at the Academy for the 2022-23 and part of the 2023-24 school years. (Id. ¶ 25). Throughout August and September 2023, M.B.'s teachers allegedly violated her Individualized Education Program ("IEP") in various ways, such as by not providing study guides or written expectations. (See id. ¶¶ 26–35, 40).[2]

After meeting September 19, 2023, numerous accommodations were continued or added to M.B.'s IEP. (Id. ¶¶ 41-42). However, defendants continued to fail to provide M.B.'s accommodations through October and November, 2023. (Id. ¶¶ 45–66). M.B.'s parents decided

---

[2] An IEP is an individualized plan required by the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. (the "IDEA"). MM ex rel. DM v. Sch. Dist. of Greenville County, 303 F.3d 523, 526–27 (4th Cir. 2002). An IEP must contain statements about a disabled child's level of functioning, set forth annual achievement goals, describe services to be provided, and establish objective criteria for evaluating the child's progress. Id. The IDEA sets a series of elaborate procedural safeguards to ensure that a disabled child's parents are notified of decisions affecting their child, and mandates that an IEP be prepared by an IEP team, consisting of a representative of the school district, the child's teacher, the child's parents and, when appropriate, the child. Id.

to transfer M.B. to a different school, announced in letter November 15, 2023, but 12 days later, on M.B.'s last day at the Academy, defendant Latresa Grantham ("Grantham") requested M.B. to make up two tests. (Id. ¶¶ 67–68).

The Board and the Academy failed to provide M.B. with the physical education and health class that is mandatory for all sixth grade students under North Carolina law. (Id. ¶ 69). Defendant Grantham consistently and intentionally mispronounced M.B.'s name in her presence, and defendant Weber commented "these sixth graders are so big" in M.B.'s presence, which M.B. took as a reference to her breast and buttocks. (Id. ¶¶ 70–71).

## COURT'S DISCUSSION

A.     Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B.     Analysis

Defendants move to dismiss all of plaintiff's claims. Dismissal of three is proper, for reasons following, while two claims survive.

3

1. ADA and Rehabilitation Act Claims (Counts 1 and 2)

Defendants challenge plaintiff's ADA and Rehabilitation Act claims for failure to allege bad faith or gross misjudgment by school officials. This line of reasoning is defendants' only argument against these two claims. (See Defs' Br. (DE 37) 8–10). This contention depends on Sellers ex rel. Sellers v. Sch. Bd. of the City of Manassas, Va., 141 F.3d 524, 529 (4th Cir. 1998). However, the Supreme Court of the United States recently held that no such showing is required for these claims to survive, thereby overruling Sellers.[3] See A.J.T. ex rel. A.T. v. Osseo Area Schs., Independent Sch. Dist. No. 279, 145 S. Ct. 1647, 1655–59 (2025). Defendants' motion to dismiss these two claims accordingly is denied.

2. Section 1983 Claim (Count 3)

Defendants argue that plaintiff's § 1983 claim must be dismissed because she improperly attempts to assert this claim based not on violations of the Constitution, but on transgressions of the IDEA and other statutes. The court agrees.

Plaintiff pleads her § 1983 claim against defendants Bunyamin Karaduman, Eray Idil, Jennifer Greene, Timothy Scranton, Eboni Maynard, and Meredith Latner,[4] based on their alleged failure to comply with the ADA, the Rehabilitation Act, and her IEP under the IDEA. However, a plaintiff must vindicate her rights protected by these statutes directly, not via § 1983. A plaintiff cannot sue under § 1983 for a violation of the IDEA. Sellers, 141 F.3d at 529, overruled on other grounds by A.J.T., 145 S. Ct. 1647. And although the Fourth Circuit has not addressed the question, the other federal courts of appeals agree that a plaintiff may not use § 1983 to sue for

---

[3] Sellers grounded its discussion of the bad faith or gross misjudgment standard in citations to the case that introduced that standard, Monahan v. Nebraska, 687 F.2d 1164 (8th Cir. 1982), overruled by A.J.T. ex rel. A.T. v. Osseo Area Schs., Independent Sch. Dist. No. 279, 145 S. Ct. 1647, 1655–59 (2025). See Sellers, 141 F.3d at 529.

[4] The complaint notes that defendant Meredith Latner was previously known as Meredith Pfeifer, and it continues to reference defendant Meredith Latner as "Pfeiffer [sic]" in the body of the instant claim. (Compl. (DE 14) ¶¶ 17, 109, 130).

violations of the ADA or the Rehabilitation Act. Anderson v. Sch. Bd. of Gloucester County, Va., No. 3:18cv745, 2020 WL 2832475, at *21–22 (E.D. Va. May 29, 2020) (collecting cases from the Third, Fifth, Eighth, Ninth, and Eleventh Circuits, and other Fourth Circuit district courts, for this point).

In her brief in opposition, plaintiff pivots to a new theory that her § 1983 claim instead rests upon the denial of equal protection and liberty interests protected by the Fourteenth Amendment. (Pl's Br. (DE 38) 9). But plaintiff's operative complaint never mentions this theory or the Fourteenth Amendment at all. (See generally Compl.). And plaintiff may not amend her complaint through briefing. S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 184 (4th Cir. 2013). The court therefore declines to consider this new theory, asserted both late and in conclusory form.

Plaintiff attempts to use § 1983 as a vehicle by which to assert claims under the IDEA, the ADA, and the Rehabilitation Act. This path is not permitted, so this claim must be dismissed.

3.  Intentional Infliction of Emotional Distress (Count 4)

Defendants argue that plaintiff fails to establish any element of intentional infliction of emotional distress under North Carolina law. The court agrees as to a lack of extreme and outrageous conduct, and so does not reach defendants' arguments on the other two elements.

Intentional infliction of emotional distress under North Carolina law has three elements: 1) extreme and outrageous conduct by the defendant; 2) which is intended to cause and does cause; 3) severe emotional distress to another. Turner v. Thomas, 369 N.C. 419, 427 (2016). Whether conduct satisfies the first element is a question of law. Soto v. Town of Rolesville, 729 F. Supp. 3d 533, 550 (E.D.N.C. 2024); Russ v. Causey, 732 F. Supp. 2d 589, 607 (E.D.N.C. 2010). The

standard for such conduct is high. E.g., Moody-Williams v. LipoScience, 953 F. Supp. 2d 677, 682–83 (E.D.N.C. 2013).

Plaintiff alleges that the failure to comply with M.B.'s IEP, combined with mispronunciation of her name and a comment about the appearance of sixth graders at the Academy, was sufficiently outrageous. (Pl's Br. at 9–10).

To the contrary, North Carolina courts have held insufficient much more significant allegations. See, e.g., Keziah v. W.M. Brown & Son, Inc., 888 F.2d 322, 326–27 (4th Cir. 1989) (holding allegations of sex-based discrimination, and that plaintiff was "harassed [and] humiliated" were insufficient); Dobson v. Harris, 134 N.C. App. 573, 578–79 (1999) (submitting false child protective services report did not suffice), rev'd on other grounds, 352 N.C. 77 (2000); Hogan v. Forsyth Cnty. Country Club Co., 79 N.C. App. 483, 493–94 (1986) (supervisor "scream[ing]" at plaintiff, "interfere[ing]" with her responsibilities, and "thr[owing] menus at her" did not suffice); Briggs v. Rosenthal, 73 N.C. App. 672, 677–78 (1985) (holding that unflattering article about son killed in car crash did not suffice for intentional infliction of emotional distress claim brought by grieving parents).

Indeed, even claims grounded on disability-based misconduct often fail to clear this high bar, including cases in which the misconduct occurred specifically in the school context. See Sauers v. Winston-Salem/Forsyth County Bd. of Educ., 179 F. Supp. 3d 544, 553 (M.D.N.C. 2016) (allegations of indifference to disability-based bullying and that teachers belittled student for his disability in IEP meeting and elsewhere did not suffice); Nance v. Potter, 225 F. Supp. 2d 638, 644 (M.D.N.C. 2002) (defendant's failure to accommodate employee's disability and attempted coercion to accept a different position did not suffice); McEntire v. Johnson, No. 1:12-cv-327,

6

Case 5:24-cv-00664-FL  Document 40  Filed 07/25/25  Page 6 of 9

2013 WL 5727413, at *4 (W.D.N.C. Oct. 22, 2013) (derogatory references to plaintiff's disability did not suffice).

The failure to follow plaintiff's IEP, mispronunciation of plaintiff's name, and one comment arguably about plaintiff's appearance, fail to meet the stringent bar for an intentional infliction of emotional distress claim under North Carolina law. Cf. Turner, 369 N.C. at 427–28 (police plot to maliciously frame a plaintiff for murder was sufficiently outrageous); Watson v. Dixon, 130 N.C. App. 47, 49, 53 (1998) (sexual battery of plaintiff and threats about her personal safety were sufficiently outrageous). This claim also is dismissed.

    4.    Negligent Infliction of Emotional Distress (Count 5)

Defendants argue for dismissal of plaintiff's negligent infliction of emotional distress claim on grounds that plaintiff's allegations describe intentional, not negligent, conduct. Under North Carolina law, a negligent infliction of emotional distress claim must rest upon negligent conduct, and cannot stand upon intentional acts by the defendant. Though the Supreme Court of North Carolina has not addressed this question, the North Carolina Court of Appeals and federal courts applying North Carolina law uniformly have applied this rule. See, e.g., Horne v. Cumberland County Hosp. Sys., Inc., 228 N.C. App. 142, 149 (2013); Shaeffer v. County of Chatham, 337 F. Supp. 2d 709, 734 (M.D.N.C. 2004); Mitchell v. Lydall, Inc., No. 93-1374, 1994 WL 38703, at *3 (4th Cir. Feb. 10, 1994); Yarbrough v. E. Wake First Charter Sch., 108 F. Supp. 3d 331, 341 (E.D.N.C. 2015) (collecting cases).

Here, however, plaintiff alleges only that defendants engaged in various forms of intentional misconduct, and that they had actual knowledge of their failure to comply with several different statutes. (See Compl. ¶¶ 35–39, 45–67). Plaintiff therefore alleges only intentional

7

conduct, which cannot support her negligent infliction of emotional distress claim. Plaintiff offers no meaningful argument to the contrary. (Pl's Br. at 10–11). This claim also must be dismissed.

    5.    Punitive Damages

Defendants also request dismissal of plaintiff's demand for punitive damages. Under North Carolina law, punitive damages are permitted only if a defendant is liable for compensatory damages and at least one of three statutory factors is present. Vandevender v. Blue Ridge of Raleigh, LLC, 901 F.3d 231, 237 (4th Cir. 2018). These three factors are fraud, malice, and willful or wanton conduct. Id. The last factor means "the conscious and intentional disregard of and indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in injury, damage, or other harm." Id. Plaintiff does not defend her punitive damages demand based on fraud or malice; rather, plaintiff relies solely upon the wanton or willful conduct prong. (Pl's Br. at 11).

However, the court need not assess the sufficiency of plaintiff's pleading on this score because punitive damages are not an available remedy for plaintiff's remaining claims under the ADA and the Rehabilitation Act. See Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 497 n.16 (4th Cir. 2005). Plaintiff's demand for punitive damages will therefore be dismissed.

## CONCLUSION

Based on the foregoing, defendants' motion to dismiss (DE 36) is DENIED insofar as it seeks dismissal of plaintiff's first and second claims, and otherwise GRANTED, where plaintiff's third, fourth, and fifth claims, and her demand for punitive damages, all are DISMISSED. The stay of scheduling conference activities imposed on May 6, 2025, is hereby LIFTED. Defendants

are DIRECTED to answer the complaint in accordance with Federal Rule of Civil Procedure 12(a)(4)(A).

SO ORDERED, this the 25th day of July, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge